# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-449V
Filed: April 22, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * | * | UNPUBLISHED |
| KAYLA STACY, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | * | |

Katherine D. Gonyea, Dow, Golub, Remels & Beverly, Houston, TX, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 12, 2010, Kayla Stacy ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to 34 (2012).  Petitioner alleged that, as a result of receiving Human Papillomavirus Quadrivalent ("HPV") vaccinations on July 12, 2007; September 26, 2007; and May 15, 2008, she developed ankylosing spondylitis, arthritis and fibromyalgia.  Petition at ¶ 12.  Further, petitioner alleged that she experienced residual effects of the injury for more than six months.  Id.  On September 11, 2005, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  The undersigned issued a Decision pursuant to the parties' stipulation on September 15, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 15, 2016, petitioner filed an application for attorneys' fees and costs, requesting $17,412.25 in attorneys' fees, and $3,893.07 in attorneys' costs, for a total fees and costs award of $21,305.32.  See Pet'r's App. at 1.  In accordance with General Order #9, petitioner's counsel states that petitioner did not incur any costs in pursuit of her claim.  Id.  Respondent filed a response on April 21, 2016, stating that she does not object to the overall amount sought by petitioner.  Resp's Response at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable.  Ms. Gonyea and Mr. Greenwood's billing rates are reasonable based on their approximately 8 and 25 years of legal experience, respectively.  Counsel submitted an itemized list of their costs, which the undersigned has also reviewed and finds reasonable.  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $21,305.32 as follows:**

(1) **A lump sum of $21,305.32 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Katherine D. Gonyea, for attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.